IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

NATHANIEL J BROWN,

    Plaintiff,

v.                                        CASE NO. 1:15-cv-174-MP-GRJ

CITY OF JACKSONVILLE., et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Nathaniel J. Brown, DOC # 109140, an inmate presently confined at Suwanee Correctional Institution, initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and a motion for appointment of counsel pursuant to 28 U.S.C. § 1915(d).  Docs. 1, 2.  This case is before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

    Plaintiff failed either to pay the $400.00 civil case filing fee or move for leave to proceed as a pauper.  However, in Plaintiff's motion for appointment of counsel he claims indigent status and therefore the Court will liberally construe the motion as one for leave to proceed as a pauper.  Doc. 2.

    The Complaint is deficient because Plaintiff failed to use the Court's form for prisoner civil rights cases.  Further, all but one of the named defendants are public officials in Jacksonville, Florida, and the events underlying the Complaint occurred in December 2004.  Plaintiff alleges that he was subjected to a malicious prosecution in connection with a May 2002 robbery in Jacksonville.[1]  Doc. 1.

---

[1]The one named defendant who is not in Jacksonville is the Secretary of the Florida Department of Corrections.  Plaintiff alleges that the DOC was not authorized to

A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, Plaintiff alleges that the violation of his rights stems from events in 2004. Doc. 1. The instant § 1983 claims are plainly barred by the four-year limitations period, and therefore must be dismissed as frivolous. *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as frivolous).

Moreover, Plaintiff is barred from proceeding in federal court as a pauper because he is subject to the three-strikes bar of 28 U.S.C. § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous,

---

deliver him to the custody of Jacksonville law enforcement.  The gravamen of the Complaint, however, is a malicious prosecution claim.

malicious, or failed to state a claim upon which relief may be granted.[2]  Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  In this case, the Complaint stems from events occurring in 2004 and there is no possibility that Plaintiff is facing any imminent danger.  Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper/ appointment of counsel (Doc. 2) be **DENIED,** and that this case be

---

[2]*Brown v. Reception and Medical Center*, Case No. 3:07-cv-717 (M.D. Fla. 8/21/07) (dismissing complaint as frivolous); *Brown v. Hall*, Case No. 3:07-cv-750 (M.D. Fla. 8/30/07) (dismissing complaint for abuse of the judicial process for failing to disclose all prior prisoner cases); *Brown v. Hall*, Case No. 3:07-cv-894 (M.D. Fla. 7/11/08) (dismissing complaint as frivolous).  Plaintiff is aware of the three-strikes bar because this Court applied the bar in dismissing additional cases: *Brown v. Secretary,* 4:13-cv-230-RH-GRJ (N.D. Fla. 5/28/13); *Brown v. Secretary*, Case No. 4:13-cv-21 (N.D. Fla. 2/19/13); *Brown v. Secretary*, 4:13-cv-22-WC-CAS (N.D. Fla. 3/1/13); and *Brown v. Dept. of Navy*, 4:13-cv-23-RH-CAS (3/12/13).

**DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) three-strikes bar and as frivolous.

 **IN CHAMBERS** this 3rd day of September 2015.

     *s/ Gary R. Jones*
     GARY R. JONES
     United States Magistrate Judge

### NOTICE TO THE PARTIES

 Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.